IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RECEIVED & FILED
2010 OCT 25 PM 2:27
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

UNITED STATES OF AMERICA,

Plaintiff,

v.

REYNALDO LANDRON CLASS (#1)
PROPERTY OWNER OF BO. QUEBRADA
ARENA, CARR 823,Km 2.0,TOA ALTA,
PUERTO RICO

CRIMINAL No. 09-329(F.A.B)

TO THE HONORABLE FRANSISCO A. BESOSA
UNITED STATES DISTRICT JUDGE FOR THE
DISTRICT OF PUERTO RICO

COMES NOW, REYNALDO LANDRON CLASS. Pro-se moving this honorable court to grant his request fortwith. As basis for this motion Landron Class respectfull states the following:

I. **INTRODUCTION** civil No. 07-1809 (ADC)

The United States has brought the present civil action for forfeiture in rem against several real properties.(see Verified Complaint, docket No. 2.) One of the properties the government seeks to forfeit is a piece of land and a residence located at Road 823,K.m. 2.0 Quebrada Arenas Ward, Toa Alta, Puerto Rico. Even though the title owner of the property is Mr. Rafael Antonio Nievez-Melendez, Mr. Reynaldo Landron-Class (hereinafter "Mr. Landron"), the herein appearing party in interest and potential claimant, is the real owner of the property and has a legal interest in the same. A motion has been filed by the United States seeking a "Default Decree of forfeiture" against the above described property.(Docket No.182. The United States' request is based in relevant part on the recommendation of the honorable Marcos E. Lopez, United States Magistrate Judge, issued on March 8, 2010. (Docket No. 172.) The magistrate judge recommended the entry of a default judgment(Id.), and the United States claims that such recommendation should be adopted by this honorable court insofar as no timely objections to such recommendation have been lodged. (docket No. 182.)

For the reasons set forth below, Mr. Landron respectfully submits that the entry of a default judgment as to his property would not be in accord with basic due process principles. Mr. Landron, therefore, requests that the United States' request for the entry of a default judgment of forfeiture be denied and that, in turn, he be granted a term of 20 days to answer the complaint or otherwise plead and to submit a properly verified claim against forfeiture.

## II. FACTUAL AND PROCEDURAL BACKGROUND

A detailed recount of the factual background in the present case is crucial to properly understand Mr. Landron's arguments and claims. It is also necessary to put in context the nature of the due process violation that would occur should a default decree be entered without allowing Mr. Landron the opportunity to be heard in asserting his legal interest as to the property the United States seeks to forfeit.

### A. Related Criminal Case

On September 4,2007, an Indictment was filed against Mr. Landron and several other defendants charging them with a conspiracy to possess with intent to distribute Oxycodone and Alprazolam, Schedule II and IV controlled substances respectively. (Criminal No.07-358 (FAB), Docket No. 2). They are the active ingredients in Percocet and Xanax, also respective (Id.) This Indictment was eventually dismissed due to some defects in the allegations.(Id., Docket No. 997.) Importantly, the Indictment in criminal 07-358(FAB) did contain a forfeitur allegation, Count 9, in which several properties were alleged to be subject to forfeiture. The property at issue here was not among those listed.

A new Indictment was returned against Mr. Landron on September 30, 2009. (Criminal No. 09-329(FAB), Docket No. 1.) This new Indictment charged similar conduct as the previously dismissed one, namely, conspiracy to possess with intent to distribute controlled substances (Id.) It also contained a forfeiture count against Mr. Landron (Count 4) and did allege that the property at issue in this case was subject to forfeiture as a substitute asset. (Id., Count 4.) Mr. Landron elected to go to trail and was found guilty.(Id.,Docket Nos.203,204 and 206.) With respect to count 4, the jury issued a special Verdict form finding that the amount of proceeds derived from the conspiracy was $541,200. (Id., Docket No. 208.) As of the time of the present motion, Mr. Landron is awaiting the imposition of sentence currently scheduled for September 8, 2010. (Id., Docket No. 203.)

**B. Civil Forfeiture-- The Present Case**

The verified complaint in the instant case was filed on September 4, 2007, the same date the Indictment in Criminal No.07-358(FAB) was filed. ( Docket No. 2.) It alleges that the present is a civil action in rem seeking to enforce the provisions of 21 U.S.C.§§ 841(a (1) and 846 for the forfeiture of property which constitutes the proceeds of drug trafficki The complaint is supported by an statement under the penalty of perjury subscribed by Speci Agent Eddie Rosado of the Drug Enforcement Administration (DEA). The same outlines the fact and circumstances supposedly supporting the seizure and forfeiture of the properties insofa as it is meant to summarize the conduct giving rise to the criminal charges. The facts and circumstances narrated in the declaration under the penalty of perjury are allegedly based on his participation in the investigation and his experience.

With respect to Mr. Landron's property, the verified complaint describes the property in full as follows:

> **Carr 823, Km 2.0, Barrio Quebrada Arenas, Toa Alta, Puerto Rico**
>
> PARCELA: Predio de terreno radicado en el Barrio Quebrada Arenas del término municipal de Toa Alta,Puerto Rico,con una cabida superficial de nueve mil seiscientos dieciocho diez milésimas de cuerda (0.9618), equivalentes a tres mil setecientos ochenta metros cuadrados con dos mil novecientos veintinueve diez milésimas de otro (3,780.2929 mc) que colinda al norte, con la parcela "E" de la finca principal de la cual se segrega; al sur, con la parcela "D" de la finca principal de la cual se segrega; al oeste,con terrenos de Trinidad Pérez Dávila; y al este,con la faja de terreno de uso público que lo separa de la finca de la cual se segrega. Inscrita a favor de Rafael Antonio Nieves Meléndez, según conforme en el tomo 163,folio 81, Finca Número 8747 de Toa Alta.

The United States never personally served Mr. Landron with process even though it very well knew he was a potential claimant with interest in the property. In turn, on November 18, 2008, the United States informed the court that it had published a Notice of Civil Forfeiture in an official government internet site as required by the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Docket No. 55.)[1] Meanwhile, once Mr. Landron was alerted that the government was in fact seeking forfeiture of his property, he began to raise his objections to, and protesting, the proceedings, initially within the criminal case(see Criminal No. 07-358 (FAB), Docket Nos.818, 834, 878.) and in the present case through a pro-se document filed on march 31, 2009. (Docket No. 127.)

Indeed, the motion filed in Docket No. 127 is titled "Notice of Claimant Petitioner Contesting the Forfeiture of Said Property...." Said submission, even though not a model of clarity and coherence[2] given Mr. Landron's lack of legal training, was intended as a cle objection to the forfeiture proceeding. Moreover, subsequent pro-se submissions in the present case tend to show a description of Mr. Landron's right and interest in the property For instance, on March 31, 2009, Mr. Landron filed a motion title "Informative Motion by **Claimant** " in which he alerted the court that the property as to which he is "the real part in interest" had been vandalized by an unknown trespasser. (Docket No. 128)(emphasis added) On October 19,2009, Mr. Landron moved the court, once again as the real party in interest, order the government to cease and desist from any further forfeitureproceedings. (Docket No 152.)[3] He even took an appeal to the First Circuit (Docket No. 171) erroneously believing that a final order of forfeiture had been entered.[4]

On referral by this honorable court for settlement conference and disposition of pending motions (Docket No. 157), the honorable Marcos E. Lopez, United States Magistrate Judge, issued a Report and Recommendation (R & R) addressing, among other things, Mr. Landron's pro-se pleadings. (Docket No. 172.) In the R & R, issued on March 8, 2010, the magistrate judge recommended the entry of a default decree of forfeiture against the proper of Mr. Landron. The magistrate judge found that Mr. Landron did not allege any interest in the property beyond what the magistrate judge characterized as "the conclusory assertion th he is ' the real party in interest/ intervenor for property owner Rafael A. Melendez."' (Docket No. 172 at 3.) The magistrate judge further held that Mr.

---

[1]Rule G(4)(a)(iv)(C) of said rules permit a plaintiff to provide notice to potential claimants in this manner for 30 consecutive days.

[2]Mr.Landron raises issues of statute of limitation and innocent party with respect t the title owner of the property. These are, however, misplaced insofar as there really is n statute of limitations issue to be raised and Mr. Landron would have no standing to raise a claim on behalf of the title owner. However, from the document itself the court can gather certain minimum facts. Mr. Landron describes himself as the "real party in interest" and requests that the property "be left alone." This pleading, although inartfully drawn, shoul be interpreted as an attempt by Mr. Landron to interpose a claim against the forfeiture.

---

[3]Even though the court ordered the plaintiff to respond to this motion by Mr. Landro the United States never did.

[4]Said appeal was eventually dismissed since the court of appeals determined that the was no appellate jurisdiction.

Landron did not have standing to challenge the forfeiture of property proceedings since he failed to show a "facially colorable interest in the proceedings." (Id. at 4.) The magistra judge thus recommended the entry of a defauld as to property #4.(Id)

On March 19, 2010, well within the 14-day period to file objections to the R&R, Mr. Landron filed a pro-se motion in Spanish language titled "Moción Certificación de Reply." (Docket No. 176.) In this motion, Mr. Landron once again attempts to convey his interest in theproperty. In several places within this pro-se motion, Mr. Landron asserts that he is th real owner of the property even though registered under the name of Mr. Rafael Nieves-Melendez. He also states that the property at issue is the ezact same property at which he and his wife were arrested upon the filing of criminal charges. He similarly protests that the government never attempted to personally serve him with process even though it knew tha he was, at the very least, a potential claimant. Finally, Mr. Landron requested the appointment of counsel given his obvious lack of legal knowledge and experience and citing the need to have someone assisting him in the proceedings in order to satisfy minimum due process requirements.

On April 30, 2010, the United States moved the court yet again for the entry of a default decree of forfeiture as to Mr. Landron's property. (Docket No. 182.) The United States claims in its motion that no objections were presented to the magistrate judge's R&R within the term of 14-days allowed by law. It is this last motion of the United States as well as the magistrate judge's R&R both proposing the entry of default, that are currently pending before the court. This honorable court granted Mr. Landron's request for the appointment of counsel thereby appointing the office of the Federal Public Defender to represent him. (Docket No. 187.) This Honorable Court also granted the FPD until July 31,20 to submit any response to the government's request for entry of default.(Id)

For the reasons set forth below, and in compliance with the court's order, Mr. Landron opposes the entry of default as violative of his due process rights. Mr. Landron requests that now that he has the assistance of counsel, he be given an opportunity to properly answer the complaint, otherwise plead and submit a properly supported legal claim against the forfeiture.

III. APPLICABLE LAW AND DISCUSSION

There are two main reasons why it is respectfully submitted that the entry of defaul is not warranted under the circumstances of this case. First, The United States'failure to properly effectuate notification by directly serving process on Mr. Landron would make the entry of default unfair and contrary to due process. Second, the record in the present case should be read liberally in interpreting Mr. Landron's many pro-se submissions as a clear indication that he was challenging the forfeiture proceedings and advancing a valid claim that the property should not be subject to forfeiture. Both arguments are addressed in turn

A. Failure to Provide Direct Notification to Mr. Landron

In the present case, the United States has known, at least since August of 2007, tha Mr. Landron was a potential claimant with respect to property #4. Mr. Landron was in fact arrested at said property in September of 2007. Moreover, the legal proceedings seeking forfeiture are intimately if not directly related to the alleged criminal acts of Mr. Landr as evidenced not only by the statement under the penalty of perjury in support of the complaint but also by the fact that the Indictment in Criminal No. 07-358(FAB) was filed on the same date as the complaint in the instant case. There seems to be no justification for the government electing to provide only notice by publication as opposed to direct notice to Mr. Landron.

To be sure,Rule4 of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions allows for notice by publication in in rem action. That same rule, however, specifies that "(t)he government must send notice of the action and a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii (B)." Rule G(4)(b)(I) of the Supplemental Rules for Admiraly or Maritime Claims and Asset Forfeiture Actions. Moreover, Rule G(4) specifically requires a plaintiff to send notice of to a potential claimant who is incarcerated to the place of incarceration. Supp. R. G(4)(b)(iii)(C). As of today, the plaintiff has not attempted to serve Mr. Landron with process more than three years after the institution of the instant action even though on the facts known to it, Mr. Landron is a potential claimant since he was arrested at said property and his family has been residing there at least since 2002.

Due process requires the government to afford an owner "notice and an opportunity to be heard" before civilly forfeiting his property. United States v. James Daniel Good Real Prop., 540 U.S. 43, 46(1993). Although the actual receipt of notice is not necessary, "Due

process requires the provision of'notice reasonably calculate,under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."' Whiting v. United States, 231 F.3d 70, 76 (1st cir. 2000) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

In this case, the United States position seeking to forfeit Mr. Landron's property b way of default decree should be called into question when looked at through the lens of fairness. There is absolutely no justification for the government's failure to effectuate direct notification on Mr. Landron, as opposed to notice by publication, where the government knew full well (1) that Mr. Landron was a potential claimant; and (2) where to find him. The United States' requests for default should therefore not be entertained at th time and Mr. Landron should be allowed, now that he has obtained legal representation, to file his claim, properly drafted and supported by an attorney, in this case the undersigned to answer the complaint; to negotiate a potential disposition; and to generally have an opportunity to be heard and defend against the depravation of his property.

**B. A Claim of Interest in the Property has Been Properly Asserted**

In any event, regardless of whether proper notification was in fact effectuate here[5] the truth of the matter is that Mr. Landron, with his limited ability as a non-lawyer, has

[5]The Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Action provide that "(a)potential claimant who had actual notice of a forfeiture action may not oppose or seek relief from forfeiture because of the government's failure to send the required notice. Fed. R. Civ. P. Supp. R. G(4)(b)(v). In this case, Mr. Landron at some poi received actual notice of the forfeiture proceedings. Therefore, by itself, the failure of the government to serve him with process may not be used as the sole ground to obtain relie from the forfeiture. However, such failure still dilutes and weakens the United States' position that default should be entered in this case.

tried to advance a claim of interest in this forfeiture proceeding on numerous occasions. N serious argument can be made that Mr. Landron has simply satidly and waited until the forfeiture was inevitable to come foward. He has in fact been trying to lodge objections to the forfeiture proceeding since he obtained actual knowledge of the same. Even though filed in an inartful manner, the written pro-se submissions of Mr. Landron reveal an attempt on his part to challenge the forfeiture proceedings. He has identified himself as the real par in interest in many pleadings. In other pleadings, Mr. Landron has unequivocally stated tha the property "belongs to me" and "I am the owner of the property." (See Docket No. 176.)

To the extent that the magistrate judge in his R&R found that Mr. Landron had failed to allege an interest in the property, Mr. Landron objects to such conclusion. In what has t do with other defendants, the magistrate judge recognized that the Supplemental Rules only

require that a claimant establish an ownership or possessory interest in order to challenge forfeiture. (R&R, Docket No. 172 at 2(citing Fed. R. Civ. P. Supp. R. C(6)). When it comes t Mr. Landron, however, the magistrate judges rules in a footnote that he assumes the pro-se submissions of Mr. Landron function as a claim apprising the government of his interest in the property. (Id. at 3, n.2.) Nevertheless, the magistratejudges goes on to rule that Mr. Landron has filed to show a facially colorable interest in the proceeding to have standing to challenge the forfeiture. (Id. at 3-4.) In doing so, however, the magistrate judge failed to construe Mr. Landron's pleadings liberally, as it is required in the case of pro-se litigants. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); see also Raineri v. United States, 233 F.3d 96, 97(1st Cir. 2000)("The Federal courts historically have been solicitous of the rights of the pro-se litigants."). "As part and parcel of that solicitude, courts frequently have recharacterized inarfully drawn pleadings to assist pro-se prisoners who mistakenly relied on inappropriate rules or statutes." Raineri, 233 F.3d at 97.

Aliberal construction of his pleadings, Mr. Landron submits, should lead this Honorable Court to the conclusion that he has made allegations sufficient to assert his interest in the property. The government cannot claim it is not appraised of Mr. Landron's pro-se submissions since they are in the record, and the Supplemental Rules only require, as stated above, that the claimant establish an ownership or possessory interest in the propert He has done so in the present case, albeit inartfully. The entry of default would accordingl be unwarranted and contrary to principles of due process and fairness.

IV. CONCLUSION

In view of all of the above, it is respectfully submitted that the entry of a default decree of forfeiture would be improper in this case. Therefore, Mr. Landron requests that the United States' motion at Docket No. 182 be denied. Moreover, Mr. Landron requests, now that he has been afforded the oppotunity to have legal representation, an opportunity to fil a properly supported claim and to answer the complaint or otherwise plead.

WHEREFORE, it is respectfully requested that this Honorable Court take notice of the present response in opposition and the United States' motion requesting the entry of default against property #4 be denied. RESPECTFULLY SUBMITTED In San Juan,Puerto Rico,this 20 day of October,2010.

Reynaldo Landron Class